**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5496-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHARON COURSEY,

    Defendant-Appellant.

_____

Submitted December 8, 2020 – Decided December 30, 2020

Before Judges Yannotti and Natali.

On appeal from the Superior Court of New Jersey, Cape May County, Municipal Appeal No. 05-05-18.

D. Scott DeWeese, II, attorney for appellant.

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Sharon Coursey was convicted of refusal to submit to a breath test, N.J.S.A. 39:4-50.4a, and

resisting arrest, N.J.S.A. 2C:29-2(a)(1). She appeals from both her refusal and resisting arrest convictions, raising the following points for our consideration[1]:

POINT I

THE LAW DIVISION'S FINDING OF GUILTY WITH RESPECT TO SUMMONS ACSO-38980, REFUSAL TO SUBMIT TO A BREATH TEST, WAS IN ERROR AS THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE CONVICTION.

POINT II

[SERGEANT ADE LACKED PROBABLE CAUSE TO BELIEVE THAT . . . DEFENDANT . . . OPERATED A MOTOR VEHICLE WITHIN THE CONTEXT OF THE DRIVING WHILE INTOXICATED STATUTE, N.J.S.A. 39:4-50.]

POINT III

THE DEFENDANT['S] . . . CONVICTION FOR REFUSAL TO SUBMIT TO A BREATH TEST MUST BE VACATED OR OTHERWISE REVERSED BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT SHE KNOWINGLY AND VOLUNTARILY REFUSED TO SUBMIT TO THE CHEMICAL BREATH TEST.

POINT IV

THE LAW DIVISION, IN ITS LETTER OPINION, FAILED TO ADDRESS DEFENDANT['S] . . . ARGUMENT THAT THE CHARGE UNDER SUMMONS ACSO-38980 CONTAINED THE

_____

[1] For ease of reference, we have renumbered defendant's point headings.

INCORRECT REFUSAL STATUTE; AND, THE LAW DIVISION ERRED BY NOT REVERSING THE OCEAN CITY MUNICIPAL COURT'S DENIAL OF THE STATE'S MOTION TO AMEND THE CHARGE AND REMANDING THE MATTER BACK TO THE OCEAN CITY MUNICIPAL COURT FOR FURTHER PROCEEDINGS.

POINT V

SERGEANT ADE LACKED PROBABLE CAUSE TO ARREST THE DEFENDANT . . . FOR THE OFFENSE OF DRIVING WHILE INTOXICATED, AND THEREFORE, THE DEFENDANT . . . DID NOT RESIST A LAWFUL ARREST AND HER CONVICTION FOR SAME MUST BE VACATED OR OTHERWISE REVERSED.

I.

We rely on the findings of the municipal court judge who conducted the bench trial and the superior court judge who heard the trial de novo on appeal to the Law Division. We summarize the relevant facts elicited at trial to provide context for our opinion.

On September 5, 2013, the Atlantic County Sheriff's Office (ACSO) responded to a disturbance at the Atlantic County Civil Court Building where defendant was appearing for a custody hearing regarding her two children. When the police arrived, defendant was seen outside a courtroom, "speaking in

a very loud tone" and "yelling obscenities." Defendant eventually returned to the courtroom, followed by Sergeant William Ade of the ACSO.

Once inside the courtroom, Sergeant Ade observed defendant acting in a manner that led him to conclude that she was intoxicated. He stated that defendant was "swaying in her chair," smelled of alcohol, and her eyes were red and glassy.

Concerned with her behavior, the judge ordered defendant to take a drug and alcohol urinalysis test. Sergeant Ade stated that as he and other officers escorted defendant to the restroom to complete the test, she was "loud and boisterous" and was "using profanity." He further observed defendant "swaying and staggering" as she walked.

At the conclusion of the hearing, Sergeant Ade assisted defendant to the courthouse exit and noticed that she continued to stagger when walking. Sergeant Ade observed defendant remove keys from her purse, and based on his concern that defendant was going to operate a vehicle while intoxicated, he radioed two other officers and asked them to position their vehicle near the parking lot so that they could effectuate a motor vehicle stop if defendant attempted to operate her car. Sergeant Ade observed defendant enter her vehicle and was notified by another officer that she had started it.

A-5496-18T4

Sergeant Ade approached defendant's vehicle with two other officers, heard the engine running, and saw defendant in the driver's seat with her seatbelt on. Sergeant Ade also observed defendant's head "nodding back and forth" and her "eyelids . . . drooping." When defendant lowered her car window, Sergeant Ade immediately detected the odor of alcohol. Sergeant Ade informed defendant that he believed she was under the influence of alcohol and directed her to exit the vehicle so that he could administer a field sobriety test.

Defendant refused to comply with multiple requests to exit the vehicle and was advised that she was under arrest. As officers attempted to remove her from the car, she began to scream and clutch various parts of the vehicle's interior. Once defendant was removed from the car, she was driven to the Absecon Police Department for the administration of an Alcotest. During the drive, Sergeant Ade testified that he continued to "smell the . . . strong odor of an alcoholic beverage" and noted that defendant was making "incoherent statements."

At the station, defendant was placed in a separate room to "initiate the . . . twenty-minute observation period prior to administering the [A]lcotest." During this period, Sergeant Ade read defendant her Miranda[2] rights which she subsequently waived. Sergeant Ade also informed defendant in accordance with

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-5496-18T4

the New Jersey Attorney General's Standardized Statement for Motor Vehicle Operators, that if she did not provide a breath sample for the Alcotest she would be charged with refusal.

Sergeant Ade testified that defendant never gave an "affirmative answer that she was going to submit to the breath test." He noted, however, that as he read the statement he made "sure that [defendant] was still looking at [him] and that she followed along with what [he] was saying."

Defendant explained her actions at the police station by testifying that she had previously been diagnosed with "paranoid schizophrenia" and was currently suffering from post-traumatic distress order. Defendant also testified that she had requested to speak with an auxiliary aid provided to her under the Americans with Disabilities Act.

Defendant was charged under municipal summonses for driving while intoxicated, N.J.S.A. 39:4-50; possession of open container of alcohol, N.J.S.A. 39:4-51b; failure to exhibit registration, N.J.S.A. 39:3-29; failure to exhibit an insurance card, N.J.S.A. 39:3-29; and resisting arrest, N.J.S.A. 2C:29-2(a)(1). Further, rather than being charged with refusal to submit to a chemical breath

test pursuant to N.J.S.A 39:4-50.4a, defendant was improperly charged under N.J.S.A. 39:4-50.2.[3]

Defendant entered a conditional guilty plea to refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a, after the municipal court judge amended the original refusal charge to reflect the appropriate statute. The State, thereafter, dismissed the remaining charges. On appeal to the Law Division, however, defendant's guilty plea was vacated on the grounds that that there was an inadequate factual basis to sustain the N.J.S.A. 39:4-50.4a charge. The court also reinstated the open container and resisting arrest charges.

The matter was reassigned to the Ocean City Municipal Court. Defendant filed a motion to dismiss the refusal charge for "lack of probable cause with

---

[3] N.J.S.A. 39:4-50.2(a) provides that drivers who operate a "motor vehicle on any public road, street or highway or quasi-public areas in the State shall be deemed to have given . . . consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in [the operator's] blood." N.J.S.A. 39:4-50.4a includes a delineated list of penalties for an operator who "refuses to submit, upon request, to a test provided for in [N.J.S.A. 39:4-50.2]." N.J.S.A. 39:4-50.4a further provides that "[t]he municipal court shall determine by a preponderance of the evidence whether the arresting officer had probable cause to believe that the person had been driving or was in actual physical control of a motor vehicle on the public highways or quasi-public areas of this State while the person was under the influence of intoxicating liquor or a narcotic, hallucinogenic, or habit-producing drug or marijuana; whether the person was placed under arrest, if appropriate, and whether he refused to submit to the test upon request of the officer; and if these elements of the violation are not established, no conviction shall issue."

regard to operation" of her vehicle. The State opposed the motion and moved to "amend [the refusal summons] to reflect the appropriate refusal statute, i.e., N.J.S.A. 39:4-50.4a." During oral argument, defendant "agreed that the appropriate refusal statute [was] N.J.S.A. 39:4-50.4a." The municipal court judge, however, denied the motion to dismiss and the motion to amend the refusal charge.

On April 18, 2018, after a bench trial, the municipal court judge found defendant guilty of refusal to submit to a breath test, N.J.S.A. 39:4-50.2, and resisting arrest, N.J.S.A. 2C:29-2(a)(1). On June 25, 2019, after a trial de novo, Judge Sarah Beth Johnson issued a thirteen-page written decision and found defendant guilty of refusal to submit to a breath test in violation of "N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a" and resisting arrest.

With respect to the refusal charge, Judge Johnson found that based upon the credible testimony of Sergeant Ade and other officers, the police had probable cause to arrest defendant for operating a motor vehicle under the influence of an intoxicant contrary to N.J.S.A. 39:4-50. Specifically, the judge noted that defendant smelled of alcohol, spoke incoherently, used profanity, appeared to stagger as she walked, and was ordered to submit to a drug test by an Atlantic County judge.

Judge Johnson also found that defendant had "actual control of her vehicle" and that she "intended to operate the vehicle while under the influence because she was sitting in the driver's seat, with her seatbelt engaged and the engine running." Further, the judge found that defendant was read "the DWI standard statement" which indicates that "if [d]efendant did not provide a breath sample, she would be charged with refusal." Moreover, the judge determined that defendant "did not respond in any way" after "[Sergeant Ade] read the final paragraph of the DWI standard statement."

The judge further found that defendant failed to provide "any competent evidence detailing the nature of her mental disorders and how they may have affected her ability to understand requests such [as those] contained in the DWI standard statement." Moreover, the judge noted that defendant's "understanding of events negates the claim that [she] was confused as to the officer's instructions or her obligations under the law."

Finally, Judge Johnson concluded that defendant "purposely attempted to prevent officers from effecting an arrest." The judge found that defendant "did not exit her vehicle when asked to do so . . . had to be forcibly removed from the vehicle . . . grabbed on to the inside of her vehicle, attempting to prevent officers from removing her" and "continued to behave in a combative manner,

A-5496-18T4

cursing and spitting at officers, after she was removed from the vehicle and handcuffed." This appeal followed.

II.

In defendant's first, second, and fifth points, she argues that her convictions for refusal to submit to a breath test, N.J.S.A. 39:4-50.4a, and resisting arrest, N.J.S.A. 2C:29-2(a)(1), should be reversed because the police lacked probable cause to arrest her and there was insufficient evidence in the record to uphold the convictions. Defendant also argues in her third point that there is "insufficient evidence that she knowingly and voluntarily refused to submit to the chemical breath test." We find that these arguments are without sufficient merit to warrant extended discussion in a written opinion, Rule 2:11-3(e)(2), and affirm substantially for the reasons detailed in Judge Johnson's comprehensive written opinion. We provide the following comments to amplify our decision.

On appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

A-5496-18T4

Our review of a de novo conviction by the Law Division is limited to the issue of whether the court's findings "could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We are "not permitted to 'weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence.'" State v. Locurto, 157 N.J. 463, 472 (1999) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). We review the legal rulings of the trial court de novo. Robertson, 228 N.J. at 148.

"It is well-settled that the trial judge 'giv[es] due, although not necessarily controlling, regard to the opportunity of the' municipal court judge to assess 'the credibility of the witnesses.'" Ibid. (alteration in original) (quoting Johnson, 42 N.J. at 157). "[A]ppellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Locurto, 157 N.J. at 474.

Here, Judge Johnson found that the police had probable cause to arrest defendant for operating her vehicle under the influence. The court also determined that defendant refused consent to provide a breath sample after being fully informed of the consequences attendant to her refusal. Judge Johnson

further noted that defendant failed to "provid[e] any competent evidence detailing the nature of her 'mental disorders'" and any effect on her ability to understand the information in the "DWI standard statement." Finally, the judge found that defendant purposely prevented the police from effectuating her arrest.

We are satisfied that Judge Johnson's findings were supported by sufficient, credible evidence in the record. Johnson, 42 N.J. at 162. We therefore affirm defendant's convictions for refusal to submit to a breath test, N.J.S.A. 39:4-50.4a, and resisting arrest, N.J.S.A. 2C:29-2(a)(1).

III.

In defendant's fourth point, she argues that her refusal conviction should be reversed because the summons mistakenly cited to N.J.S.A. 39:4-50.2 rather than to N.J.S.A. 39:4-50.4a. She further argues that Judge Johnson should have reversed the municipal court's decision denying her motion to amend the charge and remanded the matter to the municipal court "for further proceedings." We disagree.

In support of her argument, defendant relies on State v. Cummings, 184 N.J. 84 (2005), for the proposition that the "appropriate statute for refusal to submit a breath sample is N.J.S.A. 39:4-50.4a." The issue before us, however, is the effect of the municipal court's failure to amend the summons to reflect that

12                                                                    A-5496-18T4

defendant should have been charged with N.J.S.A. 39:4-50.4a as opposed to N.J.S.A. 39:4-50.2, and Judge Johnson's subsequent reliance on N.J.S.A. 39:4-50.4a in her June 25, 2019 opinion to sustain defendant's conviction for refusal.

In Cummings, the Supreme Court commented in a footnote that care should be taken to list N.J.S.A. 39:4-50.4a rather than N.J.S.A. 39:4-50.2 when charging a refusal offense. 184 N.J. at 90 n.1. The Court also indicated "we see no prejudice resulting from it [the incorrect citation in the complaint]." Ibid.

Here, as in Cummings, the police should have listed N.J.S.A. 39:4-50.4a in the body of the summons, and we can discern no basis in the record for the municipal court to deny the State's uncontested request to amend the charge to reflect that correct statutory provision. But, as in Cummings, defendant was not prejudiced by the error. In this regard, defendant offers no explanation as to how or why the faulty statutory citation inhibited her ability to prepare and present a trial defense. Frankly, it is hard to imagine how she might possibly have been confused as to what specific offense she had to answer to at trial, particularly where she initially pled guilty to N.J.S.A. 39:4-50.4a, and subsequently failed to object to the State's application to amend the charge in the remanded municipal court proceeding.

13

In State v. Marquez, 202 N.J. 485 (2010), the Supreme Court recognized that N.J.S.A. 39:4-50.2 and N.J.S.A. 39:50.4 are "plainly interrelated" and that they "not only cross-reference one another internally, but they also rely on each other substantively. They must therefore be read together." Id. at 501-02. In the present case, defendant was fully aware of the charge for which she was tried. As such, there is no basis to overturn defendant's refusal conviction or remand the matter for further proceedings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5496-18T4